# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES PRESTON RAY, SR.,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 05-270-RAW-KEW ) |
| **DAVID PARKER, Warden,** | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his conviction in LeFlore County District Court Case Number CF-2003-256 for Manufacture of a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of Two or More Felonies. He sets forth the following eight grounds for relief:

   I.   Mr. Ray's Fourteenth Amendment due process rights pursuant to the United States Constitution were violated when the jury was erroneously instructed as to the range of punishment in the second stage of the trial proceedings.

   II.  The trial court erred when it allowed the State to proceed in Mr. Ray's case with the second page of the Information, alleging prior felony convictions.

   III. The trial court improperly allowed evidence of Mr. Ray's prior felony convictions to be introduced to the jury during the first stage trial proceedings.

   IV.  Admission of other crimes evidence prejudiced the jury, deprived Mr. Ray of his fundamental right to a fair trial, and warrants reversal of the sentence.

     V.      The evidence was insufficient to convict Mr. Ray of manufacturing controlled dangerous substance, methamphetamine.

     VI.     The trial court improperly assessed the $50,000 fine.

     VII.    Mr. Ray's sentence is excessive.

     VIII.   The cumulative effect of all the errors addressed above deprived Mr. Ray of a fair trial.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

     A.     Petitioner's brief in his direct appeal.

     B.     The State's brief in petitioner's direct appeal.

     C.     Summary Opinion affirming petitioner's conviction and life sentence, and vacating his fine of $50,000. *Ray v. State*, No. F-2003-991 (Okla. Crim. App. May 9, 2005).

     D.     State court record.

     E.     Transcript of petitioner's jury trial and sentencing.

**Grounds I, VI, and VII: Sentencing**

Petitioner alleges in Ground I that the jury was erroneously instructed about the range of punishment in the second stage of the trial. In Ground VI he complains that the trial court erroneously assessed a $50,000 fine, and in Ground VII he asserts his sentence was excessive. On direct appeal the Oklahoma Court of Criminal Appeals (OCCA) granted relief on Ground VI and vacated the $50,000 fine. *Ray v. State*, No. F-2003-991, slip op. at 6 (Okla. Crim. App. May 9, 2005). Therefore, the issue of the $50,000 fine is moot. *See Boyce v. Ashcroft*, 268 F.3d 953, 954-55 (10th Cir. 2001) (issue is moot when requested

relief already has been granted).

With respect to petitioner's life sentence, the OCCA found the jury was properly instructed about the imprisonment ranges for petitioner's crime, and the life sentence was within the proper range for the crime of which he was convicted. *Ray*, slip op. at 6-7. The OCCA further found petitioner's life sentence was not excessive. *Id*. at 10. Issues concerning sentencing are a matter of state law. *See Shafer v. Stratton*, 906 F.2d 506, 510 (10th Cir.), *cert. denied*, 498 U.S. 961 (1990). Because petitioner's modified sentence is within statutory limits, it is not regarded as excessive or cruel and unusual. *United States v. O'Driscoll*, 761 F.2d 589, 599 (10th Cir. 1985) (citations omitted), *cert. denied*, 475 U.S. 1020 (1986). Grounds I, VI, and VII fail.

**Ground II: Information**

Petitioner claims he was not properly bound over for trial, because the court's order binding him over for trial did not include the Second Page of the Information alleging his prior convictions. He also has filed a supplement to Ground II, alleging his attorney waived the preliminary hearing and stipulated to certain facts for preliminary hearing purposes only, without petitioner's knowledge or consent [Docket #18; O.R. 63]. *Id*. The respondent asserts the issue of the alleged defect in the Information is a state law question that is not cognizable on habeas corpus review. On direct appeal the OCCA found as follows:

> . . . Ray argues that the State should not have been allowed to proceed on the "second page" of the Information filed against him, because the trial court's bind over order failed to state that the court was binding him over on his priors, as well as the single manufacturing count. A second page was filed against Ray, charging that he had five prior felony offenses, on the same day that the original Information was filed in the case, *i.e.*, July 20, 2002.
>
> Ray and two of his co-defendants waived preliminary hearing and filed a joint stipulation of facts, in lieu of a preliminary hearing, which included the

3

following stipulation: "that the State could introduce sufficient evidence regarding the second page of the Information filed herein regarding the prior convictions of each Defendant." On December 19, 2002, the Honorable Michael Lee issued an order noting that the parties had agreed to submit the case, for preliminary hearing purposes, on a written stipulation and that "[t]he court has received and considered the stipulation . . . and now makes this decision." The court found that the State had sufficiently established probable cause that Ray had committed the crime of manufacturing methamphetamine, and then bound him over for arraignment and trial "on the charge of Manufacture of Controlled Dangerous Substance--Methamphetamine." Thus the bind over order failed to mention the prior offenses with which Ray had been charged.

Ray was formally arraigned on January 22, 2003, acknowledged receipt of the Information, waived formal reading of it, and entered a plea of not guilty. He raised no objection to the Information or the prior offenses charged therein until July 23, 2003, just before the beginning of voir dire in his trial. Ray then raised his current claim regarding the failure of the bind over order to note his prior convictions. After hearing argument on the issue, the trial court, the Honorable Danita G. Williams, found that Ray had stipulated to his prior offenses, for the purpose of waiving preliminary hearing, that Judge Lee explicitly accepted Ray's stipulations, and that Judge Lee's failure to explicitly reference the prior offenses was merely a scrivener's error, and not fatal to the State's ability to proceed on the second page. The court further ruled that Ray waived any defect in this regard, by failing to object at the time of his arraignment.

Ray cites cases addressing the issue of defects in the *charging documents*, however, his case does not involve any such defect in the charge or the prior offenses alleged against him, which did not change from the time of the original filing. Furthermore, Ray waived any challenge to the failure of the bind over order to specifically state that he was bound over on his prior convictions, by failing to object at the time of arraignment. There was never any uncertainty that the State intended to hold Ray accountable for his prior offenses, the omission in the bind over order notwithstanding. Ray was in no way prejudiced or confused by this omission; and the trial court's ruling in this regard was not clearly erroneous or improper. Hence Ray's challenge is rejected.

*Ray*, slip op. at 7-9 (emphasis in original) (footnote omitted).

The record shows that petitioner was present in court with trial counsel at the preliminary hearing (O.R. 104-05), so the court finds his claim that the waiver and stipulation were made without his knowledge or consent is not consistent with the record.[1] A challenge to the adequacy of an Information under Oklahoma law is a question of state law, and the federal habeas court is "not empowered to correct all errors of state law." *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir.) (citing *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998), *cert. denied*, 528 U.S. 972 (1999). "[W]e may grant habeas relief to a state prisoner only if state court error deprived him of fundamental rights guaranteed by the Constitution of the United States." *Jackson*, 143 F.3d 1313, 1317 (10th Cir. 1998) (citation and internal quotation omitted). "A charging instrument may violate the Sixth Amendment by failing to provide a defendant with adequate notice of the nature and cause of the accusations filed against him," . . . but "the defects alleged here do not rise to the level of a federal constitutional violation." *Johnson*, 169 F.3d at 1252.

After careful review the court finds petitioner clearly was on notice of the charge he would face at trial, including the Second Page, and he was not prejudiced by any alleged error in the Information or the bind over order. Ground II of this petition is meritless.

**Grounds III and IV: Prior Felony Convictions and Other Crimes Evidence**

In Ground III petitioner alleges the trial court erroneously allowed evidence of his prior felony convictions to be introduced into the first stage of trial. The evidence at issue consisted of references to Witness Larry Bryant, petitioner's parole officer. The respondent maintains these references did not present evidence of other crimes, but explained why Mr.

---

[1] Petitioner expressly states he is not asserting his trial attorney was ineffective [Docket #11 at 1].

Bryant was searching petitioner's home. Petitioner also complains of two newspaper articles about methamphetamine producers and his jury trial. The OCCA denied relief on these claims as follows:

> [T]he indirect reference to the fact that Ray was a convicted felon, which was implicit in Larry Bryant's testimony that he was a probation and parole officer making a home visit to Ray, was not improper. The trial court did not abuse its discretion in allowing the testimony; nor did the State attempt to rely unfairly upon it. Ray fails to establish that he was unfairly prejudiced by this testimony or any reference to his criminal past during trial.

*Ray*, slip op. at 9.

> Although Ray cites a newspaper article that appeared during his trial, which mentioned his prior convictions, the jurors were admonished not to read the newspaper during trial; and there is no record evidence suggesting that any juror violated this admonition or saw the article.

*Id*. at n.16.

In Ground IV petitioner complains he was denied a fair trial by the State's improper introduction of evidence of other crimes--drug distribution and possession of drug paraphernalia--in violation of *Burks v. State*, 594 P.2d 771 (Okla. Crim. App. 1979).[2] The alleged evidence of drug distribution consisted of small plastic bags and a bottle of VitaBlend, a product allegedly used to cut and distribute methamphetamine, which were found in petitioner's apartment. The respondent contends these items were part of the *res gestae* of the crime of manufacturing methamphetamine. The alleged drug paraphernalia

---

[2] *Burks v. State*, 594 P.2d 771 (Okla. Crim. App. 1979), *overruled in part on other grounds*, requires, in part, the State to give pretrial notice of the other crimes or bad acts evidence it intends to introduce. "The purpose of the notice requirement is to prevent surprise on the part of the defense and to allow time for the defense to be heard prior to the evidence being placed before the jury." *Warner v. State*, 144 P.3d 838, 868 (Okla. Crim. App. 2006).

consisted of a marijuana pipe, syringes, and a "snorting pen" found in petitioner's home. On direct appeal the OCCA found that "some of the evidence was not objected to, and its admission was not plain error; and the trial court did not abuse its discretion in admitting the evidence to which Ray did object." *Ray*, slip op. at 9. "[E]ven if certain evidence, such as the marijuana pipe, should have been excluded, the verdict in Ray's case was not affected or prejudiced by its admission." *Id*. at n.17.

The record shows that petitioner filed a motion in limine before trial, asking the trial court to prohibit the State from making any references to his prior felony convictions. The motion in limine did not ask the court to prohibit any references to Mr. Bryant's job as petitioner's parole officer. (O.R. 172). At the beginning of trial, the prosecutor stated he had instructed the witnesses not to mention petitioner's felony convictions in the first stage of trial. The trial court limited the State's witnesses' testimony to the fact that Mr. Bryant was at petitioner's home in the course of his duties as a probation and parole officer, but not the reason he was supervising petitioner, or the crimes petitioner previously had committed. Petitioner objected to any mention that Mr. Bryant was a parole officer, but the judge found Mr. Bryant's occupation was admissible to show why he was at petitioner's house and that Mr. Bryant had authority to come into petitioner's home at any time. (Tr. 18-19, 142). Mr. Bryant's testimony also showed how he knew the apartment was petitioner's residence. (Tr. 143).

Regarding the newspaper articles, petitioner complains about an article in a local newspaper printed during the trial that noted petitioner had rejected a plea offer. The article also mentioned his prior felony convictions. In addition, petitioner presented another local newspaper article about the discovery of a mobile methamphetamine lab, unrelated to his

7

case. (Tr. 194-95; Defense Exhibits 1-2). There is no evidence in the record, however, that any of the jurors read or heard about either article. Petitioner chose not to poll the jurors to determine if they had read the articles. Instead, he asked the court to generally admonish them not to read the newspapers. The court gave the general admonishment, in addition to the general admonishment not to read the newspaper that was given the evening before. (Tr. 193, 196-99).

The trial court's admonishment to the jury is presumed to cure errors. *DeRosa v. State*, 89 P.3d 1124, 1144 (Okla. Crim. App. 2004). When a jury has been admonished to disregard news media reports about the trial, a federal habeas court will presume the jury followed the trial court's instructions. *Tyler v. Nelson*, 163 F.3d 1222, 1230 (10th Cir. 1999). Here, the jury was admonished at least twice not to read the newspaper, and there is no evidence in the record that an jurors read the articles. This court, therefore, agrees with the OCCA's determination of this state law issue.

The court also finds there was no *Burks* notice violation under Oklahoma law, because the paraphernalia were related to the charged offense and were relevant to show the nature of the offense and were connected to the charged crime. In Oklahoma, if there is a "logical connection" with the charged offense, evidence of separate and independent crimes may be admitted. *Bray v. State*, 450 P.2d 512, 514 (Okla. Crim. App. 1969). The small plastic bags and VitaBlend can be used to cut and package methamphetamine. (Tr. 228-29). Therefore, there is a logical connection between the manufacture of the drug and its packaging and use.

"State court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Brinlee v. Crisp*, 608 F.2d 839, 850 (10th Cir. 1979),

8

*cert. denied*, 444 U.S. 1047 (1980) (citing *Gillihan v. Rodriguez*, 551 F.2d 1182, 1192-93 (10th Cir.), *cert. denied*, 434 .S. 845 (1977)). The admission of evidence is a state law concern, unless the state trial court's decision is an error rising to the level of a due process violation. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). After careful review, the court finds the OCCA"s determination of petitioner's claims in Grounds III and IV was based on interpretation of state law, so petitioner is not entitled to habeas relief on these claims.

**Ground V: Sufficiency of the Evidence**

Petitioner next claims the evidence presented at trial was insufficient to support his conviction for Manufacture of a Controlled Dangerous Substance (Methamphetamine). On direct appeal the OCCA found "the evidence presented at trial was more than sufficient to convict Ray of knowingly participating in the manufacture of methamphetamine at his residence." *Ray*, slip op. at 9 (footnote omitted). The respondent asserts the OCCA considered and found no merit in this claim in petitioner's direct appeal, and under the applicable federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is

9

whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The jury was properly instructed on the elements of the offense:

1. Knowingly/Intentionally;

2. Manufacturing;

3. The controlled dangerous substance of methamphetamine.

Okla. Stat. tit. 63, § 2-401(G); Instruction No. 6-3, OUJI-CR (2d); (O.R. 181).

The facts of the case were set forth by the State in petitioner's direct appeal:

> On the morning of June 13, 2002, Mr. Larry Bryant, a Probation and Parole Officer, went to the defendant's residence at 704 Oklahoma Street, Poteau, Oklahoma, to conduct a home visit. The defendant had previously provided the address as his residence to Mr. Bryant. (Tr. 140-43).
>
> Mr. Bryant knocked on the door of the defendant's apartment and a woman, later identified as the defendant's wife, opened the door. She told Mr. Bryant that the defendant was not home. When Mr. Bryant asked her if she was sure, she told him to wait a minute and closed the door. About 30 seconds later the defendant cracked the door open about six to eight inches. Mr. Bryant told the defendant he was there to conduct a home visit and needed to come inside the residence. The defendant opened the door fully and let Mr. Bryant inside the apartment. (Tr. 143-44).
>
> Mr. Bryant asked the defendant if there were any drugs, alcohol or weapons in the house. The defendant replied there was not and took Mr. Bryant to the kitchen to show him there was no alcohol in the refrigerator. The defendant then asked if Mr. Bryant was done. Mr. Bryant told him he needed to check the rest of the house. The defendant showed Mr. Bryant the front room and the bathroom. The defendant again asked Mr. Bryant if he was done. Mr. Bryant said he was not, and the defendant took him to a bedroom with a door shut. The defendant told Mr. Bryant there were people in the bedroom and he would have to wait a minute. The defendant then went inside the bedroom and closed the door behind him. When the bedroom door opened again, the defendant and another man came out. Mr. Bryant asked them to

wait in the front room. (Tr. 144-45).

Mr. Bryant then entered the bedroom, and as he did "an overwhelming odor or aroma of chemicals hit [him]" Mr. Bryant said the odor was so strong that it caused his nose to burn. Mr. Bryant associated the odor with a methamphetamine lab based on his experience. He found a hot plate still glowing red from heat sitting on top of a file cabinet in the bedroom. There was a plastic hose running above the hot plate to the ceiling into a black plastic trash bag. (Tr. 145-46).

Mr. Bryant walked into the front room and saw a man and woman coming out of the second bedroom of the apartment. He told all four of the people in the apartment, including the defendant, to wait in the front room. Mr. Bryant then walked to his car to get his cell phone, and he called his supervisor who in turn called the Poteau police. Mr Bryant walked back into the apartment and everyone had left except the defendant. Mr. Bryant went back into the first bedroom and noticed the plastic tube and trash bag he had observed earlier were gone. Those items were later found in the kitchen trash can with smoke or steam coming out of the plastic bag the hose was attached to. (Tr. 148-51).

After the Poteau police arrived, they assisted Mr. Bryant in a more complete search of the defendant's apartment. In the first bedroom, where Mr. Bryant was overwhelmed with an odor he associated with meth labs, chemicals and equipment used in the manufacture of methamphetamine were found. Discovered in the bedroom were a hot plate, a pint glass jar with a three-stage liquid in it, a small coffee grinder with a white powder residue in it, three plastic bags containing a white powder, a bottle of iodine crystals, a bottle of VitaBlend, a bottle of hydrogen peroxide, a red nylon bag with numerous small plastic bags inside it, and a coffee filter with a red substance on it. A plastic bag containing wet coffee filters associated with the manufacture of methamphetamine was found in the second bedroom. (Tr. 190, 203).

The items associated with a meth lab were tagged and inventoried and sent for analysis to the Oklahoma State Bureau of Investigation Drug Lab in Durant. The items submitted were tested by Ms. Vanessa Burton, a chemist at the OSBI Lab. Ms. Burton testified that two of the items tested positive for methamphetamine, one item tested positive for pseudoephedrine, which she said was a precursor substance, and one item tested positive as iodine. (Tr. 273, 299; State's Exhibit 40).

[Docket #7, Exhibit 2 at 2-4].

Petitioner argued in his direct appeal that the question was not whether methamphetamine was being manufactured in the residence, but who was responsible for the manufacture. [Docket #7, Exhibit 1 at 35]. He only challenged whether the evidence proved he *knowingly* participated in the manufacture. *Id*.

Criminal intent can be proven by direct or circumstantial evidence. *Romano v. Gibson*, 278 F.3d 1145, 1154-55 (10th Cir. 2002). The court finds the circumstantial evidence established petitioner's knowledge and participation in the meth lab, and his dominion and control of the meth lab was proven by the fact that the lab was operating in his residence while he was present. He had advised his parole officer that the apartment was his residence, and when the parole officer arrived at the apartment, petitioner attempted to steer the parole officer away from the room that held the lab. When the parole officer eventually entered the bedroom in petitioner's presence, the chemical odor was overwhelming, and the officer could see equipment for an operational meth lab. Petitioner's claim of ignorance is not consistent with the facts. After careful review the court finds the evidence was sufficient to convict petitioner under the standard of *Jackson v. Virginia.* The OCCA's determination of the issue of sufficiency of the evidence, therefore, was in accordance with federal law. This claim for federal habeas corpus relief fails.

**Ground VIII: Cumulative Error**

Petitioner argues in Ground VIII that the cumulative effect of the alleged errors denied him a fair trial. With the exception of the $50,000 fine which was vacated on direct appeal, however, there are no errors to accumulate. "'Cumulative-error analysis applies where there are two or more actual errors. It does not apply, however, to the cumulative effect of non-

errors.'" *Castro v. Ward*, 138 F.3d 810, 832-33 (10th Cir.) (quoting *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir.), *cert. denied*, 525 U.S. 971 (1998)). *See also Le v. Mullin*, 311 F.3d 1002, 1023 (10th Cir. 2002), *cert. denied*, 540 U.S. 833 (2003) ("When reviewing a case for cumulative error, only actual errors are considered in determining whether the defendant's right to a fair trial was violated."). Habeas relief cannot be granted for this claim.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 23rd day of July 2008.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**